[Civ. No. 5360.   Second Appellate District, Division Two.—June 24, 1929.]

BERT CALVERT, Appellant, v. VIRGINIA E. HAMILTON, as Executrix, etc., Respondent.

Cooper & Collings for Appellant.

C. E. McDowell for Respondent.

THOMPSON (IRA F.), J.—This is an appeal by plaintiff from a judgment of nonsuit, in which the appellant asserts that giving to the testimony introduced its full probative value he established a *prima facie* case, and that the grounds stated in the motion for the nonsuit were not sufficiently explicit to authorize the court to grant the motion. The action was one against the respondent in her representative capacity upon a rejected claim, and contained two counts. The first count alleged a balance due, in the sum of $1,088, on account of the purchase by deceased from the plaintiff of an automobile truck, and the other set forth an account stated. The plaintiff introduced testimony to the effect that on November 21, 1921, the deceased sold to the plaintiff upon a lease purchase contract the automobile in question for the total price of $2,250, payable $700 upon execution of the agreement and the balance at the rate of $155 per month, commencing January 3, 1922; that Calvert made two payments of $155.55 each and at a time when he was five months in arrears, Calvert entered into a conditional contract for the sale of the truck to one Paden for the sum of $3,000, $900 to be paid upon execution of the contract and $150 per month; that this contract was assigned to the deceased; that at the time this second contract was executed, to wit, June 27, 1922, Calvert made a payment on account of the original contract of $400, leaving a balance due, including interest and a hoist, of $1,027. Mrs. Hamilton, called by the plaintiff, also produced a third contract dated November 20, 1922, between the Hamilton Auto Works, under which designation the deceased transacted his business, and one Mike Roselli, calling for a total price of $2,285, the payment of $300, upon execution of the contract and monthly installments of $165 each. She also said that Roselli paid a total of $1360.91, including a charge of $100 for insurance and $125 on a hoist; that following payment of this amount the truck had been wrecked. The appellant lays considerable stress upon a memorandum in the handwriting of Mr. Hamilton, which he introduced in the trial court and which reads as follows:

"Earl Hamilton

Los Angeles, Cal 7-1-22

M Bert Calvert
      to

Hamilton Auto Works,
Trucks, Tractors, Automobiles, Bodies, etc.
3566 South Park Ave.
Phone South 6369.

| Lease Contract Balance due | 1272 |
| Paid 6/28 | 400 |

2100 New Lease
200 Brokerage
___
1900
872 Due on old lease
___
1028 B Calvert
60 Colyears
___
1088"

Taken in connection with the testimony which we have recited, does this memorandum establish a *prima facie* case? It must be borne in mind that title to the truck was at all times in the deceased. Also it must be observed that no payments were made on the new lease subsequent to the initial deposit and Hamilton repossessed himself of the truck and entered into the third contract with Roselli. Counsel argues that inasmuch as appellant was to receive under the Paden contract the sum of $2,100 and only owed $1272, it should be assumed that Hamilton had agreed to accept the new contract in lieu of the old and pay appellant the difference. This construction is impossible, however, because simultaneously with this new contract Hamilton required appellant to pay and appellant did actually pay on account of the old contract the sum of $400. Considering the circumstances of the parties this payment of $400 gives to the memorandum a definite meaning, and eliminating the payment, it is unintelligible. In view of the payment, however, it seems certain that Hamilton had agreed with appellant that if the latter made a substantial payment on account of the delinquency he would permit him to pay the balance due on the old contract plus a brokerage and realize the dif-

ference on the new. It is obvious that there is nothing to indicate that the deceased had agreed to pay appellant anything—in fact, payment of the $400 conclusively establishes the contrary. Therefore there is no evidence either that appellant sold to the deceased an automobile truck or that there was an account stated.

Turning now to the other contention of appellant that the motion for a nonsuit failed to state the grounds of the motion, we find that counsel stated his grounds as follows: "on the ground that the plaintiff has failed to prove a cause of action against this defendant; and on the further ground that the evidence does not shew that plaintiff at any time sold Earl R. Hamilton an automobile for the price of $1088 or any other sum and does not show that at any time said Earl R. Hamilton became indebted to plaintiff in the sum of $1088 or any other sum" and "does not show an account stated." Under the state of the testimony in this case, and fully conscious of the rule that the moving party must point out precisely the points upon which he relies, we are of the opinion that the grounds of the motion were properly, although concisely, stated. The respondent relied upon the failure of proof in the respects to which we have already called attention, to wit: the failure to prove in any way the sale of an automobile to the deceased and the failure to show an account stated or any indebtedness upon which to state an account. The motion was sufficiently stated.

Judgment affirmed.

Craig, J., concurred.

Works, P. J., being absent, did not participate in this opinion.